F. P. Perry v. S. J. Stevens.

Decided November 2, 1906.

**1.—Deed—Description.**

A description of the land conveyed in a deed as "320 acres patented to J. H. Durritt, Jr., on the waters of Dill creek in Nacogdoches county," is sufficient.

**2.—Same—Omission of Call—Plat.**

A description in a deed, defective in that it omits two of the calls, may be aided by a plat of the land which explains the mistake and shows the correct boundaries.

**3.—Limitation—Ten Years—Evidence.**

A claim of title by limitation under the ten years statute to land erroneously supposed to be included in the boundaries of a deed can not be sustained in the absence of actual possession of such land. Constructive possession extends only to the boundaries of the deed.

Appeal from the District Court of Nacogdoches County. Tried below before Hon. James I. Perkins.

*A. Chesnutt* and *E. B. Lewis,* for appellant.—The court erred in failing to exclude the sheriff's deed to Branch and the deed from Branch to

Stevens for want of sufficient description of any land. Norris v. Hurst, 51 Texas, 614; Wofford v. McKinna, 23 Texas, 46.

*Ingraham, Middlebrook & Hodges,* for appellee.

REESE, ASSOCIATE JUSTICE.—Perry sued Stevens in trespass to try title to recover a tract of 22 2-10 acres of land, a part of the J. H. Durritt, Jr., 320 acre survey.

Defendant answered by general denial, not guilty, and pleaded the statute of limitations of three, five and ten years. The only defense in fact relied upon was the statute of limitations of ten years.

The court instructed the jury to return a verdict for plaintiff, and from the judgment defendant appeals.

One of the links in appellee's chain of title was a sheriff's deed wherein the land is described as "one tract containing 320 acres patented to J. H. Durritt, Jr., on the waters of Dill creek in Nacogdoches Co." Objection was made to the introduction of this deed in evidence on the ground that the description of the land was insufficient. The objection was overruled and this is assigned as error. The description was sufficient and there was no error in admitting the deed.

The description of the land conveyed in the deed from Branch to Stevens, as "320 acres patented to J. H. Durritt, Jr., on the waters of Dill Creek in Nacogdoches County" was sufficient to identify it. The further description by metes and bounds omits two of the calls, but the plat introduced in evidence clearly explains the mistake, and shows the boundaries of the tract.

The constable's deed to Branch of all of the Durritt, Jr., survey except 40 acres did not tend to impeach Branch's title under the sheriff's deed to the whole survey, and should not have been considered for any purpose.

The tract of land sued for lies along the south line of the Durritt survey. In 1858 one, Ben Fuller, who owned a survey of 160 acres lying immediately west of the Durritt, known as the Fuller survey, sold and conveyed this Fuller survey together with a tract of 200 acres adjoining it on the south to one Pittman, who sold, in 1878, to Ann Button. The Durritt survey lies east of the Fuller 160 acres and extends south along the east line of the Fuller a short distance beyond the southeast corner, and reaching this corner extends about 400 varas west along the Fuller south line, thus placing a small part of the Durritt, about 12 acres, immediately south of the Fuller and adjoining it on its south line. The tract sued for lies immediately east of this small tract. A line run due south from the southeast corner of the Fuller to the south line of the Durritt would divide this 12 acre tract of the Durritt from the land in controversy.

In the deed from Fuller to Pittman the land is attempted to be described, but it is difficult to determine the boundaries from the description. Enough appears, however, to show that the land sued for is not included within the boundaries of the land so conveyed. These boundaries do, however, probably include the small tract on the Durritt survey lying immediately south of the Fuller and west of the land in controversy. There is evidence tending to show that in 1859 after the sale

to Pittman a survey was made of the 200 acres and that this survey included the land in controversy. The deed from Fuller to Pittman, in the description of the land conveyed, shows that Fuller did not intend to convey any of the Durritt survey.

The evidence shows that in 1878 Ann Button, then the owner of the tract conveyed to Pittman, built a house on the Fuller survey, and had a small field of about 30 acres enclosed, which extended over and took in a part of the 200 acres, including a part of the tract of about 12 acres lying south of the Fuller and west of the land in controversy, and that she continued to reside in this house and cultivate this field for about twenty-five years. It was also shown that she cut and sold the timber on the tract in controversy and claimed the same as part of the tract bought by her of Pittman. It is clear, however, that she set up no claim except under the deeds from Fuller to Pittman and Pittman to herself, which latter deed contained the same description of the land as that contained in the deed from Fuller to Pittman. She had no actual possession of any part of the land in controversy, but such possession was limited to the land within the boundaries contained in the deeds referred to. Appellant's defense of limitation rests entirely upon this possession of Mrs. Button.

Under the facts stated, the defense can not avail. Mrs. Button's constructive possession did not extend beyond the boundaries shown in her deed. There was no error in instructing the jury to return a verdict for plaintiff.

We find no error in the record and the judgment is therefore affirmed.

*Affirmed.*